# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

March 5, 2018

**By the Court:**

| | |
|---|---|
| CHARLES CURRY, doing business as<br>GET DIESEL NUTRITION,<br>　　Plaintiff-Appellant,<br><br>No. 17-2900　　　v.<br><br>REVOLUTION LABORATORIES, LLC,<br>et al.,<br>　　Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 1:17-cv-02283<br>]<br>]<br>] Matthew F. Kennelly,<br>]　　Judge. |

O R D E R

  A review of the "Amended Jurisdictional Statement" in the brief of appellees reveals that appellees have not fully complied with the requirements of Circuit Rule 28(b). That rule requires an appellee to state whether or not the jurisdictional summary in an appellant's brief is "complete and correct". If it is not, the appellee must provide a "complete jurisdictional summary".

  Appellees' statement claims that appellant failed to provide a jurisdictional statement, triggering the necessity to provide a complete jurisdictional summary. But appellees' Amended Jurisdictional Statement is not complete and correct.

  Appellees state that Revolution Laboratories, LLC has three members. One of the members is LT Holdings, LLC whose only member is BNC Woodside, LLC. Appellees tell us that the LLC has one member – "Nussbaum Family Trust Settlement, a trust formed under the laws of Cook Island."

Particular attention is given to the foreign business entities in diversity cases. We have said that parties cannot assume that foreign business entities enjoy the same status as the United States understands it. *See White Pearl Inversions S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). Therefore, appellees must provide more detail in their Jurisdictional Statement as to the structure of the Trust under the laws of the Cook Islands.

Further, it is not clear that appellees have properly recognized the Trust's jurisdictional citizenship under our laws. In *American Realty Trust v. ConAgra Foods, Inc*. 136 S.Ct. 1012 (2016), the Supreme Court noted that when a trustee sues or is sued in her own name, the trustee's citizenship is all that matters for diversity purposes. But if the Trust sues or is sued, the citizenship of the trust's members or beneficiaries matters. *See RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016). Appellee's Jurisdictional Statement, therefore, must fully address the issue of the trust's citizenship in light of the above, in addition to that of Ora Fiduciary Limited which appellees state is a "regulated trustee company" and the "Cook Islands Trustee" of the Trust. Accordingly,

IT IS ORDERED that appellees file a paper captioned "Second Amended Jurisdictional Statement" on or before March 9, 2018, that includes the omitted information noted above and otherwise complies with the requirements of Circuit Rule 28(a).

IT IS FURTHER ORDERED that the clerk DISTRIBUTE, along with the briefs in this appeal, copies of this order and appellee's "Second Amended Jurisdictional Statement" to the assigned merits panel.