No. 17-2900

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION | ) <br> ) <br> ) |
| Plaintiff-Appellant, | ) Appellate Case No. 17-2900 <br> ) |
| v. | ) <br> ) On Appeal from the United States District <br> ) Court for the Northern District of Illinois, |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) Case No. 17-cv-02283 <br> ) <br> ) Honorable Matthew F. Kennelly <br> ) |
| Defendants-Appellees. | ) |

## SECOND AMENDED JURISDICTIONAL STATEMENT OF DEFENDANTS-APPELLEES REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, AND BARRY NUSSBAUM

Counsel for Defendants-Appellees
Amy M. Gibson (ARDC #6293612)
agibson@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
p: (312) 828-9600
f: (312) 828-9635

# SECOND AMENDED JURISDICTIONAL STATEMENT[1]

Plaintiff/Appellant, Charles Curry ("Curry"), failed to provide a jurisdictional statement in his brief. Accordingly, Defendants-Appellees Revolution Laboratories, LLC ("Revolution"), Rev Labs Management, Inc. ("Management"), Joshua Nussbaum ("Joshua"), and Barry Nussbaum ("Barry") (collectively the "Revolution Defendants"), provide one here.

Based on the allegations of Curry's Complaint, the district court for the Northern District of Illinois had both federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, and diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction was based upon Curry's claims against the Revolution Defendants for violation of 15 U.S.C. §§ 1117, 1120 and 1125 (the "Lanham Act").

Diversity jurisdiction was based on Curry's allegation that the amount in controversy exceeded $75,000. Supplemental Appendix ("SA"), SA014, ¶2; SA088 at SA103, ¶¶2, 7-8, SA110, ¶¶3, 8-9. Diversity jurisdiction was also based upon the citizenship of the five parties: Curry, on the one hand, and Revolution, Management, Joshua and Barry, on the other. Curry is an individual citizen of Illinois. Joshua and Barry are individual citizens of California. Management is a corporation formed under the laws of Nevada with its principal place of business in California. Management is, therefore, a citizen of Nevada and California. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed to be a citizen of both its state of incorporation and the state of its principal place of business).

The final party, Revolution, is a limited liability company formed under the laws of Nevada with its principal place of business in California. The citizenship of a limited liability

---

[1] This Second Amended Jurisdictional Statement is being filed pursuant to the Court's Order dated March 5, 2018. *See* Dkt. No. 22.

company is that of its members. *RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). Revolution has three members:

(1) NNE, LLC, a limited liability company formed under the laws of Wyoming. Joshua is the sole member of NNE, LLC. Since Joshua is a citizen of California, NNE, LLC is also a citizen of California;

(2) Management, which is a citizen of Nevada and California, as explained above; and

(3) LT Holdings, LLC, a limited liability company formed under the laws of the Cook Islands. LT Holdings, LLC has one member: BNC Woodside, LLC, a limited liability company formed under the laws of Delaware. BNC Woodside, LLC has one member: Nussbaum Family Trust Settlement (the "Nussbaum Trust"), which is an irrevocable trust created by Barry for estate planning purposes and formed in accordance with the International Trusts Act 1984 (Cook Is.)

The Nussbaum Trust is a traditional trust, which the Supreme Court has defined as: (a) one of fiduciary relationships between various parties; (b) and without the capacity to sue and/or be sued in its own name.[2] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016), *citing* Restatement (Second) of Trusts § 2 (1957). As to the first element, the Nussbaum Trust created a fiduciary relationship between the beneficiaries of the Nussbaum Trust and its two trustees: Joshua (who is the Managing Trustee and one of Barry's sons) and Ora Fiduciary Limited ("Ora"), a registered trustee company under the provisions of the Trustee Companies Act of 1981-82 of the Cook Islands (the "Trustees Companies Act").[3] As to the second element,

---

[2] A Cook Islands Trust has been described consistent with the Supreme Court's definition of a traditional trust. *See*, David R. McNair, *Cook Islands Asset Protection Trust Law*, 3 J. BUS. ENTREPRENEURSHIP & L. 321, 323 (2010) (a Cook Islands Trust is "not an entity like a corporation with a separate legal personality, but a legal relationship between the parties").

[3] A trust formed under the laws of the Cook Islands must have at least one trustee, donor, or holder of the power of appointment that is a trustee company, among other types of entities. *See* International Trusts Act 1984 No. 14, s. 2(a) (Cook Is.), "International Trust". A "trustee company" is defined, in relevant part, as "a company registered as a trustee company under the provisions of the Trustee Companies Act of

the Nussbaum Trust does not have capacity to sue or be sued in its own name as the Nussbaum Trust agreement expressly provides as follows: "all actions or proceedings concerning the [Nussbaum Trust] shall be brought or defended in the name of [Ora] at the written direction of [Joshua] and [Ora]." *See also* International Trusts Act 1984 No. 14, s. 19 (Cook Is.) (providing that where any proceedings are instituted by or against a trust, it shall be sufficient to name the trustee company).

For diversity purposes, the citizenship of a traditional trust is based upon the citizenship of its trustees. *See, Americold*, 136 S.Ct. at 1016; *Doermer v. Oxford Fin. Group, Ltd.*, No. 16 cv 8248, 2018 WL 1177754, at *3 (7th Cir. Mar. 7, 2018) (citizenship of family trust, which the court described as a traditional trust, is that of its trustee for diversity purposes); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 722, 729-31 (2nd Cir. 2017) (for a traditional trust bequeathing certain assets of the decedent to his heirs, the citizenship of that traditional trust is the trustee's citizenship, not the citizenship of the beneficiaries); *Whitlock v. FSL Management, LLC*, No. 10-00562, 2012 WL 3109491, at *2-3 (W.D. Ky. July 31, 2012) (holding that an LLC's citizenship for purposes of diversity jurisdiction was, among other places, the Cook Islands because partners of one of the members were family trusts established in the Cook Islands, the sole trustee for which was a Cook Islands corporation).[4] Based on *Americold*

---

1981-82" of the Cook Islands. International Trusts Act 1984 No. 14, s. 2 (Cook Is.), "Trustee Company"; International Trusts Amendment 1995-96 No. 25, s. 2(g) (Cook Is.)  Ora is a registered trustee company.

[4] In this Court's Order dated March 5, 2018 (Docket No. 22), it cited *RTP*, 827 F.3d 689, for the principle that a trust's members or beneficiaries may be relevant in determining the trust's citizenship. The holding in *RTP* that the trust took the citizenship of each of its members/beneficiaries was based on the fact that the trusts were not traditional trusts, but business trusts (pension funds) that contracted and litigated in their own names. *Id.* at 691-92. Here, the Nussbaum Trust is a traditional trust that, in accordance with its trust agreement, cannot sue or be sued in its own name. Accordingly, the citizenship of the Nussbaum Trust's trustees controls. *See Doermer*, 2018 WL 1177754, at *3 (citizenship of traditional family trust is that of its trustee). If this Court determines that the Nussbaum Trust's beneficiaries are relevant to a determination of its citizenship for diversity purposes, all of the beneficiaries of the Nussbaum Trust are individuals who are citizens of either California or Hawaii.

and its progeny, the Nussbaum Trust's citizenship is that of its two trustees: (1) Joshua, the Managing Trustee; and (2) Ora.

Joshua is a citizen of California. Therefore, the Nussbaum Trust is also a citizen of California.

Ora's citizenship can be determined by referencing Cook Islands law and legal precedent from the federal courts of the United States. A trustee company in the Cook Islands, such as Ora, must be registered under the Trustee Companies Act, which provides that a company may apply for a license to operate as a Trustee Company if it is either: "(a) incorporated under the Companies Act of 1970-71 [the "Companies Act"]; or (b) registered as an overseas company under Part XII of the act." Trustee Companies Act 2014 No. 4, s. 17 (Cook Is.) The Companies Act adopts the New Zealand Companies Act of 1955 (the "New Zealand Companies Act") with a few exceptions, none of which are relevant to Ora. Companies Act 1970-71 No. 23, s. 2 (Cook Is.)

The Companies Act permits companies to incorporate with or without limited liability, but those companies incorporating with limited liability may limit liability "to the amount, if any, unpaid on the shares respectively held by them (termed "a company limited by shares")" or "to such amount as the members may respectively thereby undertake to contribute to the assets of the company in the event of its being wound up (termed "a company limited by guarantee")." New Zealand Companies Act 1955, 1955 S.N.Z. No. 63, s. 13(2)(a), (b) (N.Z.) Companies electing either of those limited liability designations must state the name of the company with "Limited" as the last word of the name. Companies Act 1955, 1955 S.N.Z. No. 63, s. 14(1)(a) (N.Z.) Ora is a trustee company incorporated under the Companies Act. The last word of its name is "Limited," as Ora is "limited by shares."

The Seventh Circuit has held that a business organization "limited by shares" is "equivalent in all legally material respects to a corporation under state law." *Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (business organization "limited by shares" under Bermuda law was equivalent to a corporation under state law); *See also Superl Sequoia Ltd. v. Carlson Co., Inc.*, 615 F.3d 831, 832 (7th Cir. 2010) (same as to a Hong Kong business "limited by shares"); *cf. Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 837-38 (7th Cir. 2010) (determining citizenship of Barbados company "limited by shares" did not require an inquiry into the citizenship of its investors for diversity jurisdiction purposes). Therefore, the citizenship of a corporation limited by shares is determined in the same manner as a corporation under federal law − namely, by looking at its place of incorporation and the location of its principal place of business. 28 U.S.C. § 1332(c)(1). Ora was formed under the laws of the Cook Islands and its principal place of business is also located there. Accordingly, Ora is a citizen of the Cook Islands.

Based on the citizenship of its members, Revolution is a citizen of the Cook Islands (Ora's place of citizenship), Nevada (Management's state of incorporation) and California (Joshua's state of citizenship and the location of Management's principal place of business).

A summary of the parties' citizenship follows:

- Curry is a citizen of Illinois;
- Joshua and Barry are citizens of California;
- Management is a citizen of Nevada and California; and
- Revolution is a citizen of Nevada, California, and the Cook Islands.

Complete diversity, therefore, exists in this case.

Furthermore, this Court has jurisdiction over this matter pursuant to Federal Rules of Appellate Procedure 3 and 4. On June 15, 2017, the Revolution Defendants filed a motion to

dismiss ("Motion to Dismiss") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* SA088. On August 15, 2017, and after briefing the Motion to Dismiss, the district court entered an order granting the motion and entering judgment for the Revolution Defendants. SA001. On September 1, 2017, Curry filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the order granting the Revolution Defendants' Motion to Dismiss. SA161, SA164. On September 10, 2017, the district court denied that motion. SA013. Curry filed his notice of appeal on September 13, 2017. This is an appeal from a final judgment of the Federal District Court for the Northern District of Illinois that disposed of all of the parties' claims.

Respectfully submitted,

_Amy M. Gibson_____
Counsel for Defendants-Appellees
Amy M. Gibson (ARDC #6293612)
agibson@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
p: (312) 828-9600
f: (312) 828-9635

# CERTIFICATE OF SERVICE

I, counsel for Defendants-Appellees and a member of the Bar of this Court, certify that, on March 23, 2018, a copy of the foregoing Second Amended Jurisdictional Statement of Defendants-Appellees Revolution Laboratories, LLC, Rev Labs Management, Inc., Joshua Nussbaum, and Barry Nussbaum was filed electronically. Service of the Second Amended Jurisdictional Statement will be made on all ECF-registered parties by operation of the court's electronic filing system thereby effecting service on the parties who are registered for electronic filing under Cir. R. 25. Parties may access this filing through the court's system.

          /s/ Amy M. Gibson
Counsel for Defendants-Appellees
Amy M. Gibson (ARDC #6293612)
agibson@agdglaw.com
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
p: (312) 828-9600
f: (312) 828-9635